UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P202-R

JOE A. BROWDER, JR.                                                                                    PLAINTIFF

v.

KENNETH V. ANDERSON *et al.*                                                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the complaint for failure to state a claim.

## I. SUMMARY OF CLAIMS

Plaintiff, Joe A. Browder, Jr., an inmate currently incarcerated at Kentucky State Penitentiary, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Kenneth V. Anderson, Jr., Public Guardian/Administrator; McCracken County; and Department of Veteran Affairs Field Examiner Lawrence Allen. Plaintiff states that he was awarded a "VA Pension" in April 2002. Several months later, Defendant Anderson was appointed guardian/fiduciary over Plaintiff's funds "based on . . . an unlawful rating of incompetency." Defendant Anderson served as fiduciary over Plaintiff's funds from approximately October 2002 through December 2005. During this time, Plaintiff alleges that Defendant Anderson embezzled several thousand dollars from his pension. Plaintiff alleges that Defendant Anderson's actions constitute "commission of a felony, and possibly other crimes under state and/or federal law and that each is, in and of itself, a violation of my civil rights as secured by the Fourth and Fourteenth Amendments to the Constitution, the Americans with Disabilities Act of 1990, the Hate Crimes Laws of the United States, and quite possibly of other laws which I am unaware."

Plaintiff explains his claim against Defendant McCracken County as follows:

> The County of McCracken is Defendant in this action by virtue of the fact that Mr. Anderson was acting as McCracken County Public Guardian/Administrator at the time of commission of constitutional acts stated herein, and as subrogee/underwriter (or legal equivalent) with respect to tort claims for recovery of damages.

Plaintiff explains his claim against Defendant Allen as follows:

> Lawrence Allen is defendant in this action by virtue of his employment as field examiner for the department of veterans affairs in that while purportedly acting "on my behalf" he appointed Kenneth Anderson, Jr., as my VA Payee; allegedly under color of KRS 388.190 et seq., the uniform veterans guardianship act. Mr. Allen ignored my repeated written and telephone complaints of thefts of my funds by Mr. Anderson, thereby knowingly acquiescing to Mr. Anderson's illegal acts.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

2

formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.     Criminal Charges**

"Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). As "a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's criminal claims, including his cause of action under any federal "hate crimes" statutes must be dismissed for failure to state a claim. *See, e.g.*, *Hastey v. Bush*, No. 5:03-CV-0088-C, 2003 U.S. Dist. LEXIS 17948 (N.D. Tex. Oct. 6, 2003) ("Plaintiff does not have available to him a private cause of action under any federal 'hate crimes' statutes.").

**B.      Americans with Disabilities Act of 1990**

Title I of the ADA prohibits employers of more than fifteen people that are engaged in interstate commerce from discriminating against qualified individuals with disabilities "because of the disabilit[ies] of such individual[s] in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Plaintiff was not in an employee-employer relationship with Defendants, and therefore, has no claim under Title I of the ADA.

Title II of the ADA mandates that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II is inapplicable because Plaintiff has not alleged that he was discriminated against by virtue of his disability. Alleging that Defendants defrauded Plaintiff is not enough to state an ADA claim. Every act committed against a disabled person does not rise to the level of a violation of the ADA. Discrimination is the touchstone of an ADA claim, and Plaintiff has failed to allege that Defendants discriminated against him because of his disability.

As such, he has not plead a cognizable claim under Title II of the ADA.

**C.      Alleged Constitutional Violations**

Plaintiff alleges that Defendants' actions have violated his rights under the Fourth and Fourteenth Amendments to the Constitution.  The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights."  *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).  In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government.  *Id.* at 499.  Plaintiff has no cause of action directly under the Constitution.  Therefore, the Court construes Plaintiff's claims under the constitutional amendments as being brought under § 1983.  *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

A prisoner claim brought under 42 U.S.C. § 1983 requires proof of two essential elements:  (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the prisoner of rights, privileges, or immunities secured by the Constitution or laws of the United States of America.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Both elements must be satisfied as to each defendant.  *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  A plaintiff must also sufficiently allege the personal involvement of each defendant.  *See Street*, 102 F.3d at 817-18; *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

### 1. Defendant Anderson

The first issue that the Court must resolve with respect to Defendant Anderson is whether he was "acting under the color of state law" with respect to Plaintiff's claims against him. This is so because the Constitution does not apply to the conduct of private persons; it applies to conduct by the government. Conduct of private parties "lies beyond the Constitution's scope in most instances, . . . [though] governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991). A private citizen is not liable for an alleged constitutional violation unless 1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and 2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.*

Defendant Anderson was appointed as the guardian of Plaintiff's pension fund. The majority of the Courts to consider the issue have found that guardians are not state actors for the purposes of § 1983 because they are acting in the interests of an individual and not the state. *See, e.g., Kirtley v. Rainey*, 326 F.3d 1088, 1095 (9th Cir. 2003); *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986); *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986); *Holley v. Deal*, 948 F. Supp. 711, 714 (M.D. Tenn. 1996) ("Guardians do not represent their clients under color of state law for purposes of Section 1983 when they function as fiduciaries who must act in their ward's best interest."). The Court agrees with the analysis and logic of these Courts, and likewise finds that as a matter of law Plaintiff cannot establish that Defendant Anderson functioned as a state actor under the facts alleged. Accordingly, Plaintiff's claims

6

against Defendant Anderson must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendants McCracken County and Allen

Plaintiff is seeking to hold Defendant Allen liable because he appointed Defendant Anderson. He is seeking to hold Defendant McCracken County liable because it employed Defendant Anderson. Plaintiff has not alleged any independent wrongdoing by these Defendants or alleged that they acted pursuant to some policy or custom that could subject them to liability in their official capacities. The claims against them appear to rise purely from the fact that they supervised and/or employed Defendant Anderson. The doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, "liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). To establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing Hays, 668 F.2d at 872-74). Plaintiff has failed to allege any facts showing that either Defendant encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct. "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be

based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, the fact that these Defendants may have failed to follow up on Plaintiff's allegations against Defendant Anderson is insufficient to impose liability upon them. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983."); *Davis v. Sapp*, No. 99-5769, 2000 U.S. App. LEXIS 8938, 2000 WL 572067 (6th Cir. May 1, 2000) (finding no supervisory liability where it was alleged that defendants were aware of deficiencies in plaintiff's medical treatment but failed to intervene). Accordingly, all claims against Defendants McCracken County and Allen must be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter an Order of dismissal consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
4413.008